# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SHIRLEY MAXEY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JAMES EZZELL and MUSKOGEE )<br>COUNTY COMMUNITY ACTION )<br>FOUNDATION, INC., )<br>)<br>Defendants. ) | Case No. CIV-13-417-RAW |

## ORDER

Before the court is the motion of defendants Muskogee County Community Action Foundation, Inc. ("MCCAF") and James Ezell ("Ezell") to dismiss Counts I, II, III, VI and X of plaintiff's petition. Plaintiff commenced this action by filing a petition on August 2, 2013 in the District Court for Muskogee County, State of Oklahoma. She was employed by MCCAF during the pertinent time period and Ezell was her supervisor. Plaintiff brings ten claims arising out of that relationship. The case was removed to this court on September 12, 2013.

Defendants style the motion as one to dismiss, but within the motion itself state as follows: "As Defendants will be presenting to the Court materials outside the pleadings, pursuant to FED. R. CIV. P. 12(d), the Court should treat this motion as one for summary judgment (FED. R. CIV. P. 56) on these counts." A motion to dismiss pursuant to Rule 12(b)(6) F.R.Cv.P. cannot be converted into a summary judgment motion without notice and an opportunity for the parties to present relevant evidence. *David v. City and Cnty. of*

*Denver,* 101 F.3d 1344, 1352 (10th Cir.1996). The required notice may be actual or constructive, and in some circumstances, courts have concluded that the submission of evidentiary materials by the movant, the nonmovant, or both of them constitutes sufficient notice. *Id.*

Here, the court finds that defendants gave explicit notice within the motion itself. Plaintiff did not object to the defendants' attachment of evidentiary materials. While plaintiff did not submit her own materials in her response, she does refer to defendant's materials. Accordingly, the court sees no prejudice to plaintiff in treating the motion as one for partial summary judgment.[1]

First, the motion seeks dismissal of Counts I and X of the petition, i.e., that MCCAF and Ezzell, respectively, intentionally inflicted mental and emotional distress on plaintiff during her employment. Oklahoma courts recognize such a cause of action, also known as the tort of outrage. *Ballandby v. Belger Cartage Service, Inc.,* 2011 WL 2982480 at *13 (N.D.Okla.2011)(citing *Gaylord Entertainment Co. v. Thompson,* 958 P.2d 128, 149 (Okla.1998)). The tort requires conduct "'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community.'" *Roberts v. International Business Machines Corp.,* 733 F.3d 1306, 1311 (10th Cir.2013)(quoting *Breeden v. League Servs. Corp.,* 575 P.2d 1374, 1378 (Okla.1978)).

---

[1] The applicable standard is set forth in Rule 56(a) F.R.Cv.P. The court must view all facts and evidence in the light most favorable to the party opposing summary judgment. *See Grynberg v. Total S.A.,* 538 F.3d 1336, 1346 (10th Cir.2008).

The court concludes that plaintiff's allegations do not rise to this level. She alleges that Ezzell regularly complained in her presence about the fact that MCCAF employed black people, old people and "fat people." These statements are obviously inappropriate. Upon hearing them, an average member of society may turn away, cringe or even remonstrate the speaker. Such comments, however, would not be regarded as "utterly intolerable in a civilized community."[2] Other instances of conduct are MCCAF director Bree Long allegedly lying to plaintiff by acknowledging that minorities were paid at lower rates and promising plaintiff (who is black) a raise, only to demote the plaintiff and demote her pay. While such an allegation, if proven, might be highly pertinent to a claim of employment discrimination, again the court is not persuaded it meets the standard for the tort of outrage. The court draws a similar conclusion regarding the allegation that defendants tried to force plaintiff to fire two black male employees without cause and threatened to "bring down the pressure" on her.

---

[2] Work place discrimination cases rarely present facts sufficient to constitute the type of extreme and outrageous behavior required to state a claim for IIED. *See, e.g., Miner v. Mid—America Door Co.,* 68 P.3d 212, 223 (Okla.Civ.App.2002) (employer's alleged failure to reassign the plaintiff after learning of workplace harassment, even if unreasonable, was not extreme and outrageous); *Gabler v. Holder & Smith, Inc.,* 11 P.3d 1269, 1280 (Okla.Civ.App .2000) (noting that workplace harassment rarely rises to the level of extreme and outrageous conduct); *Mirzaie v. Smith Cogeneration, Inc.,* 962 P.2d 678, 684 (Okla.Civ.App.1998) (employer's conduct was not extreme and outrageous when, *inter alia,* the plaintiff's manager made derogatory sexual remarks about the plaintiff, woke plaintiff up in the middle of the night to do unnecessary work, and terminated him two hours before his wedding); *Zahorsky v. Community Nat'l Bank of Alva,* 883 P.2d 198, 200 (Okla.Civ.App.1994) (employer not liable for intentional infliction of emotional distress when an employee forced the plaintiff to have sex with him and employer failed to fire the employee, even though the employer allegedly knew about the conduct). *Puckett v. Spirit Aerosystems, Inc.,* 2013 WL 1944889, *2 (N.D.Okla.,2013).

3

The most serious allegation in this regard is that "Ezzell came up behind Maxey and thrust his hips into her rear end in a sexual manner, twice." (Petition, ¶12). It is also alleged that another employee witnessed the second occasion. Of course, this is conduct (if proven) to be condemned and which would play a part in a claim of sexual harassment. As to allegations which seek to set forth a claim of outrage, however, the court finds it significant that there were evidently only two instances of this conduct. Had there been numerous instances over an extended period of time, the court could well see a plausible claim of outrage alleged. Under the allegations before the court, the court concludes Count I and Count X should be dismissed.

In Count II, plaintiff alleges that her reduced compensation during her employment was in retaliation for her complaints about unlawful and discriminatory treatment she and others experienced at MCCAF. Count II is directed only at MCCAF. Defendant asserts that the Oklahoma Anti-Discrimination Act ("OADA") precludes plaintiff's common-law claim. This court agrees. In pertinent part, 25 O.S. §1350(A) states that "[a] cause of action for employment-based discrimination is hereby created and any common law remedies are hereby abolished." As the court noted in *Peters v. Black Tie Value Parking Service, Inc.,* 2013 WL 5420260 (W.D.Okla.2013), "[t]he remedies abolished include *Burk* claims."[3] Plaintiff's argument in response is that the Act does not abolish claims for <u>retaliation</u> in the employment setting. Plaintiff has cited no authority for this argument, and the court has

---

[3]*See Burk v. K-Mart Corp.,* 770 P.2d 24 (Okla.1989).

4

found none. What was formerly a "*Burk* claim" (of any type) must now be brought pursuant to the OADA. The motion will be granted as to Count II.

Next, MCCAF attacks Count III, breach of implied contract. Plaintiff alleges she was discharged "in contravention of the implied unilateral contract" created by MCCAF's personnel manual and other employment documents. "Oklahoma jurisprudence recognizes that an employee handbook may form the basis of an implied contract between an employer and its employees if four traditional contract requirements exist: (1) competent parties, (2) consent, (3) a legal object and (4) consideration." *Russell v. Bd. of Cnty. Comm'rs, Carter Cnty.,* 952 P.2d 492, 501-02 (Okla.1997)(footnotes omitted). "While an employer may deny (or disclaim) any intent to make the provisions of a personnel manual part of the employment relationship, the disclaimer must be clear." *Id.* at 502 (footnote omitted).

Various passages in the personnel materials, quoted by defendant at pages 12-13 of its brief, establish a clear disclaimer, in this court's view. In response, plaintiff cites the portion of the personnel materials stating that the employer may not violate federal or state law. The court finds that this provision does not create an implied contract, but merely states the truism that "at will" employment does not mean an employer is exempt from the specific remedy provided by the violation of a specific law. The motion will be granted as to Count III as well.

Finally, MCCAF seeks dismissal of Count VI, violation of the ADEA. Defendant notes that plaintiff's intake questionnaire submitted to the state agency checked certain boxes, such as "race," "sex," and "retaliation," but did not check the box for "age" or make

5

any factual allegations regarding age discrimination. Under similar facts, the Tenth Circuit held that remedies had not been exhausted. *See Riley v. Tulsa Cnty. Juvenile Bureau ex rel. Tulsa Cnty. Bd. of Comm'rs,* 421 Fed. Appx. 781, 784 (10th Cir.2010). Count X is dismissed as well.

It is the order of the court that the motion to dismiss (#7), treated by the court as a motion for partial summary judgment, is hereby granted. Counts I, II, III, VI and X of plaintiff's petition are dismissed.

**ORDERED THIS 30th DAY OF DECEMBER, 2013.**

**Dated this 30th day of December, 2013.**

_____
Ronald A. White
United States District Judge
Eastern District of Oklahoma